**UNITED STATES ex rel. ISSEROFF v.
CAIN et al.**

No. 888.

District Court, E. D. New York.

Nov. 8, 1944.

Lionel Golub, of New York City (Meyer Kreeger, of New York City, of counsel), for relator.

T. Vincent Quinn, U. S. Atty., of Flushing, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

MOSCOWITZ, District Judge.

A hearing has been had on the writ of habeas corpus which was issued at the request of Morris Eli Isseroff, the relator herein. He was inducted into the Army on July 13, 1944. He had been given a I–A classification by the Local Board and it is his claim that he should have been classified in Class IV–D as a theological student.

The relator was born in Massachusetts on December 3, 1925, and upon attaining the age of 18 years he registered with Selective Service Local Board No. 153. On January 12, 1944, he filed his Selective Service Questionnaire and his Occupational Questionnaire. He made claim that he had eight years of grammar school and three years of high school and that he was then attending the Mesivtha Tifereth Jerusalem, 145 East Broadway, New York City, and pursuing a course in religion and Talmud which would eventually lead to his ordination as a Rabbi. While religious education is offered at this institution, many of its graduates pursue careers other than the Rabbinate and have no bona fide intention of ever becoming Rabbis.

At that time he had Social Security Number 033–16–5203. On January 13, 1944, the Local Board by unanimous vote of 4–0 classified the relator in Class I–A. On January 19, 1944, the relator requested a hearing and on January 25, 1944, he mailed a letter of protest to the Local Board objecting to his I–A classification. He was examined by physicians and found physically fit on February 7, 1944. A hearing was had at the Local Board on February 17, 1944, at which time the Local Board made a record of the relator's contentions. The relator claimed that from 1931 to 1938, when he became 13 years of age, he attended an elementary public school in Massachusetts. From October 8, 1939, to November 21, 1940, he was enrolled at the Yeshiva Torah Vodaath of Brooklyn. In November, 1940, he returned to Massachusetts and thereafter attended the Yeshiva Beth Rabon in Boston from December 15, 1940, until August 18, 1942. He also stated that during the time he attended the Yeshiva in Boston, he was a student of the Roxbury Memorial High School. On October 10, 1942, the relator matriculated at the Mesivtha Tifereth Jerusalem. The relator stated that the reason he applied for a Social Security number was to obtain employment during the summer of 1939.

The Local Board directed a communication to the Selective Service Headquarters on February 19, 1944, asking that they arrange to have the relator appear before the Advisory Panel on Theological

Classifications. On February 29, 1944, such hearing was held before the panel, consisting of Rabbi Herbert Goldstein, Hon. Jonah J. Goldstein, Judge of the Court of General Sessions, Mr. Bernard Semel, Rabbi Elias Solomon, and Dr. Samuel Nirenstein. After affording the relator a complete hearing, the panel unanimously (5–0) voted—and acting in an advisory capacity notified the Selective Service Headquarters—that the relator's status did not entitle him to a classification in Class IV–D. The relator was continued in Class I–A by the Local Board and was notified of his classification.

On May 1, 1944, the relator appealed. On May 9, 1944, the registrant filed affidavits with the Local Board. On May 12, 1944, the Board of Appeals unanimously (4–0) decided that the relator was properly classified in Class I–A, and thereupon Form 57, consisting of a classification card, was mailed to the relator on May 15, 1944.

The Local Board, on May 15, 1944, mailed the relator's file to Selective Service Headquarters for further consideration. On May 20, 1944, Colonel Knowlton Durham, representing the Selective Service Headquarters, communicated with the Local Board and stated that "in the circumstances of the present case, this recommendation (of the Advisory Panel on Theological Classifications) may be taken as an advisory finding that registrant (relator) is not a serious student preparing for the ministry in good faith and that his attendance at the academy in question is prompted by extraneous considerations".

The Local Board, on May 23, 1944, directed the relator to report for a pre-induction physical on June 6, 1944, at which time he was accepted. The Local Board, on June 21, 1944, notified the relator to report for induction on July 13, 1944. The relator wrote another letter to the Local Board on June 26th, in which he stated several reasons why he should be placed in Class IV–D. On June 29, 1944, the Local Board decided not to interfere with the relator's classification and directed that he remain in Class I–A and refused to postpone his induction which had been set for July 13, 1944.

It will be seen from this narration of facts that not only did the relator have a fair and impartial hearing but he had several. It might be noted that if each Local Board were required to devote as much time in the induction of one soldier as it did here, it is doubtful whether the Selective Service Act could be enforced and whether we would have any sizable army.

There is not the slightest evidence here that the Board acted in an arbitrary or capricious manner. The law is quite plain that if the Board acts in an arbitrary or capricious manner, a relator is entitled to a discharge. If there is evidence to support the action of the Local Board that is sufficient. United States ex rel. Trainin v. Cain, 2 Cir., 1944, 144 F.2d 944. The Court cannot substitute its judgment for that of the Local Board. The relator claims that the determination of the Local Board is not supported by substantial evidence. The substantial evidence rule does not apply in this Circuit. United States ex rel. Trainin v. Cain, supra. However, here there was substantial evidence to support the determination made by the Local Board. The Local Board is not bound by the rules of evidence nor is it required to record the particular questions and answers. Here it made a sufficient record of the proceedings, the facts and its conclusions. Local Boards are not furnished with stenographers, such as court stenographers, who are competent to take testimony—there is no such requirement under the law.

Evidently the Local Board and the panel, after questioning the relator, disbelieved his statements. The comment of the Advisory Panel on Theological Classifications dated February 29, 1944, was as follows:

"Upon all the information presented and our examination of the registrant, the panel is of the opinion that the registrant is not preparing in good faith for a career of service in the practicing rabbinate.

"The panel is also satisfied that he does not aspire to enter the rabbinate as a matter of spiritual conviction and that his professed aspirations in this connection are prompted by considerations of Selective Service expediency."

The relator's credibility cannot be passed upon by this court—it necessarily must be determined by the Local Board. That was done here after full and comprehensive hearings. The Local Board concluded that the relator was not in good faith studying for the Rabbinate. On appeal this determination was affirmed by the Board of Appeals.

It appearing that the Local Board gave the relator a full hearing and that it did not act capriciously or arbitrarily and that there is evidence to sustain the finding, the writ of habeas corpus is dismissed.